IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PAUL WAY**<br>107 Brierwood St.<br>Borger, Texas 79007<br><br>          Plaintiff,<br><br>vs.<br><br>**SHAWNEE TOWNSHIP, OH**<br>2530 Ft. Amanda Road<br>Lima, OH 45804<br><br>and<br><br>**TODD TRUESDALE**, in his individual and official capacity,<br>2526 Ft. Amanda Road<br>Lima, OH 45804<br><br>          Defendants. | Case No. _____<br><br>Judge _____ |
| **Complete with Jury Demand** | |

1. This is a civil-rights action brought for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*., the Ohio Civil Rights Act, Ohio Rev. Code § 4112 *et seq*., and 42 U.S.C. § 1983. This complaint alleges that Defendants unlawfully retaliated against Plaintiff Paul Way and terminated his employment in the Shawnee Township Fire Department because of his opposition to rampant discriminatory practices and bigotry towards minorities.

**Parties**

2. Plaintiff Paul Way is an individual, and a former Platoon Chief with the Shawnee Township Fired Department. He was at all relevant times an "employee" of the Shawnee Township as the term is defined in 42 U.S.C. § 2000(e) *et seq*. and Ohio Rev. Code § 4112 *et seq*.

3. Defendant Shawnee Township is a political subdivision, located at 2530 Ft. Amanda Road, Lima, OH 45804. Shawnee Township was at all relevant times an "employer" as the term is defined in 42 U.S.C. § 2000(e) *et seq.* and Ohio Rev. Code § 4112 *et seq*. Shawnee Township is vicariously liable for the acts of its agents, including Defendant Todd Truesdale.

4. Defendant Todd Truesdale is the Fire Chief of the Shawnee Township Fire Department, located at 2526 Ft. Amanda Road, Lima, Ohio 45804. Mr. Truesdale He is sued in his individual and official capacities, and at all relevant times was acting under color of state law.

**Jurisdiction and venue**

5. Plaintiff brings his claims for violation of Title VII under 42 U.S.C. § 2000(e) *et seq*. He brings his constitutional claims under 42 U.S.C. § 1983. This Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000(e)-5(f)(3) and 28 U.S.C. § 1331, as Plaintiff's claims are brought for violations of Title VII under 42 U.S.C. § 2000(e) *et seq*. and 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

7. The Court has personal jurisdiction over Defendants.

8. Venue is proper under 28 U.S.C. § 1391 because the relevant events took place within the Court's jurisdiction.

**Administrative history**

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and filed this action within 90 days of receipt of a right to sue letter.

**Facts**

10. Plaintiff commenced employment with Shawnee Township Fire Department in 1999 in the position of firefighter. In 2003, Plaintiff was promoted to Captain and in 2006 was promoted to Platoon Chief.

11. Plaintiff's employment history with the Fire Department, as is evident from his progressive promotions.

12. In 2011 and 2012, Plaintiff began voicing opposition to crude practices and an overall culture of bigotry at the fire department.

13. It was customary for fire fighters to use the Nazi salute when greeting Defendant Truesdale. In fact, Defendant Truesdale was affectionately referred to as "Hitler" by all in the fire department. Birthday cakes displayed swastikas on them and ovens with little men leading up to it. There were also cakes with derogatory terms for homosexuals, such as "fag", "fairy" and "fudgepacker", written on them.

14. Rather than address Plaintiff's concerns, Defendant Truesdale felt Plaintiff simply had a bad attitude.

15. On August 2, 2012, Plaintiff was charged with a laundry list of violations, fourteen in total, and was demoted two ranks from platoon chief to fireman.

16. At a grievance hearing, all but one of the items on the list of allegations upon which this discipline was based was dismissed. Despite the rejection of thirteen of the fourteen allegations, no alteration was made to the severity of the discipline issued.

17. On September 21, 2012, Plaintiff submitted a formal written complaint outlining his concerns about the unchecked and widespread discriminatory practices at the fire department.

18. Shortly thereafter, Plaintiff was subjected to an intensive investigation, unparalleled in nature.

19. This investigation resulted in Plaintiff being disciplined on October 18, 2012, on the basis of an erroneous rendering of the sick leave policy that was not being uniformly applied.

20. On December 10, 2012 the Shawnee Township Board of Trustees terminated Plaintiff's employment.

## Claim 1
## Retaliation in Violation of Title VII against Defendant Shawnee Township

21. Plaintiff incorporates the preceding paragraphs as if fully restated.

22. Plaintiff engaged in the protected activity of opposing discriminatory practices and an overall culture of bigotry at the Shawnee Township Fire Department.

23. Defendants were aware of Plaintiff's opposition to the discriminatory practices and bigotry.

24. Thereafter, Defendants subjected Plaintiff to meritless and overblown discipline, and eventually terminated his employment.

25. There was a causal connection between Plaintiff's protected activity of opposing discriminatory practices and the overall culture of bigotry and the disciplines and termination he received.

26. These retaliatory acts were willful, reckless, and malicious, in violation of Title VII.

27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**Claim 2**
**Retaliation in Violation of Ohio Rev. Code § 4112 against all Defendants**

28. Plaintiff incorporates the preceding paragraphs as if fully restated.

29. Plaintiff engaged in the protected activity of opposing discriminatory practices and an overall culture of bigotry at the Shawnee Township Fire Department.

30. Defendants were aware of Plaintiff's opposition to the discriminatory practices and bigotry.

31. Thereafter, Defendants subjected Plaintiff to meritless and overblown discipline, and eventually terminated his employment.

32. There was a causal connection between Plaintiff's protected activity of opposing discriminatory practices and the overall culture of bigotry and the disciplines and termination he received.

33. These retaliatory acts were willful, reckless, and malicious, in violation of Ohio Rev. Code § 4112.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

### Claim 3
### First Amendment retaliation under 42 U.S.C. § 1983 against Defendant Shawnee Township and Defendant Todd Truesdale

35. Plaintiff incorporates the preceding paragraphs as if fully restated.

36. Plaintiff's opposition to the discriminatory practices and culture of bigotry at Shawnee Township Fire Department addressed matters of public concern.

37. Plaintiff's opposition to the discriminatory practices and culture of bigotry at Shawnee Township Fire Department was a substantial or motivating factor in the decision to take adverse action against him.

38. Defendant Shawnee Township and Defendant Truesdale, acting under color of state law, deprived Plaintiff of his constitutional right to free speech guaranteed by the First Amendment to the United States Constitution, made applicable to the state via the Fourteenth Amendment.

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

### Prayer for Relief

Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on each and every cause of action in this complaint, and enter an order awarding the following relief:

1. Judgment in Plaintiff's favor as to all claims for relief;

2. Payment for all economic damages including, but not limited to, back pay, front pay, and lost benefits that Plaintiff has suffered and is reasonably certain to suffer in the future;

3. Payment for non-economic damages including, but not limited to, emotional harm, mental anguish, humiliation, and inconvenience that Plaintiff has suffered and is reasonably certain to suffer in the future;

4. Attorneys' fees and costs including expert fees;

5. Punitive damages;

6. Enjoin Defendants from further retaliating against employees simply for opposing unlawful and discriminatory practices;

7. Declare that Defendants' acts and conduct violated the First and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. §§ 1983 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, as well as Ohio law;

8. All other legal and equitable relief to which Plaintiff is entitled, and that the Court may deem just and appropriate.

## JURY-TRIAL DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in his complaint.

Respectfully submitted,

s//: Fazeel S. Khan_____
FAZEEL S. KHAN (0075578)(Trial Attorney)
Blaugrund Kessler Myers & Postalakis, Incorporated
300 W. Wilson Bridge Road, Suite 100
Worthington, OH 43085
T: (614) 764-0681 / F: (614) 764-0774
fsk@bhmlaw.com

/s/Romin Iqbal
Romin Iqbal (Ohio Bar No. 0080146)
Romin Iqbal, LLC
3071 Glenloch Circle
Columbus, OH 43220
rominiqbal@yahoo.com

*Attorneys for Plaintiff Paul Way*